ASHLAND LAND & LIVE STOCK COMPANY v. ELEVEN WOODFORD.

FILED JANUARY 7, 1897.     No. 6933.

Trial: COUNTER-CLAIM: PLEADING. Where, to a counter-claim well pleaded, the plaintiff interposes no reply, a verdict in his favor in excess of the amount claimed in his petition, less the amount of such counter-claim, should be set aside as unsupported by the pleading.

ERROR from the district court of Saunders county. Tried below before BATES, J. *Reversed.*

*Simpson & Sornborger,* for plaintiff in error.

*O. C. Tarpenning, contra.*

POST, C. J.

The defendant in error, Woodford, as plaintiff in the district court for Saunders county, alleged as his cause

of action against the Ashland Land & Live Stock Company, plaintiff in error herein, a lease for one hundred acres of land in said county during the year 1891. It was provided by said lease, a copy of which is set out in the petition below, that the proceeds of the grain and hay grown upon said premises to the amount of $250 should be and remain the property of the lessor, and that the crops in excess of the rents so reserved should belong to the lessee, who was to have the use and occupancy of the building situated upon the premises during the term of the lease. It was further alleged as a cause of action that the defendant company, during the existence of said lease, without the plaintiff's consent, entered said premises and carried away and converted to its own use corn grown thereon of the value of $40.50; that the defendant negligently permitted its cattle to trespass upon said premises during the said term and injure the crops growing thereon, to the plaintiff's damage in the sum of $50; that the defendant was indebted to the plaintiff for four tons of hay grown upon said premises of the agreed value of $12; and that the plaintiff was indebted to the defendant in the sum of $1.50 on account of board furnished the servants of the latter in the year 1891. Accompanying the petition was a prayer for judgment in the amount of the several items above enumerated, to-wit, $104. The answer admitted the execution of the lease set out and denied the other material allegations of the petition. There was also a counter-claim, in which the account between the parties was thus stated:

"ELEVEN WOODFORD,
                    "TO THE ASHLAND LAND & LIVE STOCK CO.
                                                          Dr.
To interest in crop for 1891, as per agreement..$250 00
To money advanced per check.................  14 00
                                            ─────────
                                             $264 00

|  |  | Cr. |  |
|---|---|---|---|
| By 214 bushels corn | | $55 | 90 |
| By 51 tons hay | | 153 | 25 |
| By error in number of acres described in lease | | 9 | 50 |
|  |  | $218 | 65 |

"Balance, for which judgment was demanded ............................ $45 35"

To the counter-claim so made there was no reply; hence the statement of the account therein must be taken as true. If we add to the sum with which the plaintiff is there credited the full amount claimed in his petition, to-wit, $104, we find he was entitled to a credit of $322.65 and that he was chargeable with the sum of $264. He was, in other words, according to the most favorable construction of the pleadings, entitled to judgment in the sum of $58.65 only, whereas a verdict was returned in his favor for the full amount claimed, upon which judgment was subsequently entered over the objection of the defendant company.

The foregoing statement renders unnecessary an examination of the other assignments, particularly in view of the fact that they present questions of practice only and it is not apparent that the determination thereof would materially assist the district court in a second trial of the cause. The judgment complained of being unsupported by the pleadings, the cause is reversed and remanded for further proceedings in the district court.

REVERSED.